**O**

# United States District Court
# Central District of California

| | |
|---|---|
| BERNADINE HARRIS; OUDY WALL; and MARIA REYES, on behalf of themselves and all others similarly situated, | Case № 2:17-cv-08293-ODW (AGR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AS UNOPPOSED [8, 9, 14, 21]** |
| v. | |
| COUNTY OF LOS ANGELES, a public entity; ERIC GARCETTI, in his official capacity as Mayor of Los Angeles; CITY OF LOS ANGELES, a public entity; CITY OF INGLEWOOD, a public entity; CITY OF HAWTHORNE, a public entity; CITY OF GARDENA, a public entity; CITY OF TORRANCE, a public entity; CITY OF CARSON, a public entity; and DOES 1 through 50, inclusive, | |
| Defendants. | |

Plaintiffs Bernadine Harris, Oudy Wall, and Maria Reyes filed this action in Los Angeles Superior Court on August 29, 2017, and assert numerous claims for

Defendants' purported violations of the Americans with Disabilities Act ("ADA"), among other derivative causes of action. (ECF No. 1-1.) On November 14, 2017, the City of Los Angeles removed this case. (ECF No. 1.) Several of the defendants joined in the removal, and then moved to dismiss Plaintiffs' Complaint. (ECF Nos. 8–9, 14, 21.)

## I. PROCEDURAL HISTORY

The cities of Carson, Inglewood, and Hawthorne moved to dismiss Plaintiffs' Complaint on November 21, 2017. (ECF No. 8–9.) The City of Los Angeles moved to dismiss on November 27, 2017. (ECF No. 14.) And the City of Torrance moved to dismiss on December 6, 2017. (ECF No. 21.) All of the moving defendants noticed the hearing for their respective motions on January 8, 2018. (ECF Nos. 8–9, 14, 21.) Accordingly, Plaintiffs' oppositions to the motions to dismiss were due on December 18, 2017. *See* C.D. Cal. L.R. 7-9. Plaintiffs have not opposed any of the motions.

On December 19, 2017, Plaintiff Bernadine Harris voluntarily dismissed her claims against the City of Los Angeles, and City of Gardena. (ECF Nos. 24–25.)

## II. DISMISSAL OF CITY OF LOS ANGELES AND CITY OF GARDENA

Federal Rule of Civil Procedure 41(a) provides that a party may dismiss "an action without a court order by filing…a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…." An "action" includes a party's claims against one of several defendants. *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993). As explained by the Ninth Circuit:

> A plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment…. Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1).

*Concha v. London*, 92 F.3d 1493, 1506 (9th Cir. 1995).

Harris dismisses her action against the City of Gardena, one of several defendants named in this class action complaint that has not filed an answer or motion

for summary judgment.  (*See* ECF No. 24.)  Similarly, although the City of Los Angeles filed a Motion to Dismiss, Harris still has the "absolute right" to dismiss her action against that defendant prior to the filing of its answer or motion for summary judgment.  *Concha*, 92 F.3d at 1506.  Accordingly, the Court **DISMISSES** Harris's action against the City of Gardena and City of Los Angeles.  Subject to the Court's ruling on the pending motions to dismiss below, to the extent Harris has claims against any of the other defendants, they remain intact.

### III.     PLAINTIFFS' FAILURE TO OPPOSE WARRANTS DISMISSAL

Central District Local Rule 7-12 allows the Court to grant motions as unopposed in the event that a party does not respond.  C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document] may be deemed consent to the granting or denial of the motion…."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).  In determining whether to grant an unopposed motion, courts weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal).

Here, the second factor weighs in favor of dismissal.  The Court must manage its docket to ensure the efficient provision of justice.  Plaintiffs had notice of four separate motions, which were filed over the course of three weeks, yet failed to oppose any of them.  Further, Plaintiffs have not provided any excuse for failing to oppose the motions, or sought an extension.  The Court's need to manage its docket favors granting the moving defendants' motions to dismiss, as unopposed.

The third factor addresses the potential risk of prejudice to the defendants. Here, the risk of prejudice to the defendants is slight. If, after the Court grants the motions, Plaintiffs do not seek reconsideration or other relief, then their case will be dismissed as against the moving defendants. In the event that they do seek reconsideration, and the Court grants it, the moving defendants may simply refile the motions they have already prepared. The nature of the ADA claims asserted here do not require immediate action from defendants, and a slight delay in the event Plaintiffs ultimately decide to pursue this action will not significantly prejudice defendants.

As for the availability of less drastic sanctions, Plaintiffs' failure to oppose the motions to dismiss demonstrates that Plaintiffs are not interested in prosecuting this action. *See Rodriguez v. Nationstar Mortg. LLC*, No. 2:16-CV-5962-ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016) ("Where the Plaintiff does not oppose dismissal, it is unnecessary for the Court to consider less drastic alternatives."); *see also Ghazali*, 46 F.3d at 53. Plaintiffs are represented by counsel in this class action, and thus cannot claim ignorance of deadlines. Furthermore, on November 16, 2017, the Court issued a minute order advising that "Counsel are STRONGLY encouraged to review the Central District's website for additional information." (ECF No. 5.) The Court intended this admonition to provide fair warning to counsel that they need to be familiar with the Local Rules, which provide the requisite deadlines to oppose motions like those currently pending before the Court. Four days have passed since the deadline for Plaintiffs to oppose the motions, but they still have not sought relief from the Court. Plaintiffs' lack of diligence is highlighted by the fact that Plaintiffs' counsel is aware of the action since he filed dismissals on behalf of Harris, but still failed to oppose the four pending motions to dismiss. While there may be less drastic sanctions available, this factor does not weigh heavily in either direction.

On balance, the *Ghazali* factors weigh in favor of granting Defendants' motions to dismiss as unopposed. Accordingly, the Court **GRANTS** Defendants' motions to dismiss. (ECF Nos. 8–9, 14, 21.)

## IV. CONCLUSION

For the reasons discussed above, the Court **DISMISSES** Harris's action against City of Los Angeles and City of Gardena. The Court also **GRANTS** City of Inglewood, City of Hawthorne, City of Torrance, City of Los Angeles, and City of Carson's Motions to Dismiss. (ECF No. 8–9, 14, 21.) Therefore, Plaintiffs' action against each of the foregoing defendants is **DISMISSED WITH PREJUDICE.** With respect to the City of Los Angeles's Motion to Dismiss, the Court does not grant it as to Harris because she dismissed her action prior to this Order. (ECF No. 25.)

**IT IS SO ORDERED.**

December 22, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**