# United States District Court
# Central District of California

| | |
|---|---|
| BERNADINE HARRIS; OUDY WALL; and MARIA REYES, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　　v.<br>COUNTY OF LOS ANGELES, a public entity; ERIC GARCETTI, in his official capacity as Mayor of Los Angeles; CITY OF LOS ANGELES, a public entity; CITY OF INGLEWOOD, a public entity; CITY OF HAWTHORNE, a public entity; CITY OF GARDENA, a public entity; CITY OF TORRANCE, a public entity; CITY OF CARSON, a public entity; and DOES 1 through 50, inclusive,<br>　　　　　　Defendants. | Case № 2:17-cv-08293-ODW (AGR)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE DISMISSAL OF COUNTY OF LOS ANGELES [48]** |

　　　Plaintiffs Bernadine Harris, Oudy Wall, and Maria Reyes filed this action in Los Angeles Superior Court on August 29, 2017, and asserted numerous claims for

Defendants' purported violations of the Americans with Disabilities Act ("ADA"), among other derivative causes of action. (ECF No. 1-1.) On November 14, 2017, the City of Los Angeles removed this case. (ECF No. 1.) Several of the defendants joined in the removal, and then moved to dismiss Plaintiffs' Complaint. (ECF Nos. 8–9, 14, 21.) Now, Plaintiffs move to set aside the dismissal of the County of Los Angeles. (ECF No. 48.) For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion, and **VACATES** the hearing currently set for March 21, 2018.[1]

## I. PROCEDURAL HISTORY

The cities of Carson, Inglewood, and Hawthorne moved to dismiss Plaintiffs' Complaint on November 21, 2017. (ECF No. 8–9.) The City of Los Angeles moved to dismiss on November 27, 2017. (ECF No. 14.) And the City of Torrance moved to dismiss on December 6, 2017. (ECF No. 21.) All of the moving defendants noticed the hearing for their respective motions on January 8, 2018. (ECF Nos. 8–9, 14, 21.) Accordingly, Plaintiffs' oppositions to the motions to dismiss were due on December 18, 2017. *See* C.D. Cal. L.R. 7-9. Plaintiffs did not oppose the motions.

On December 19, 2017, Plaintiff Bernadine Harris voluntarily dismissed her claims against the City of Los Angeles, and City of Gardena. (ECF Nos. 24–25.)

On December 22, 2017, the Court dismissed Harris' action against the City of Los Angeles, and the City of Gardena. (ECF No. 29.) In the same Order, the Court dismissed, with prejudice, the City of Inglewood, City of Hawthorne, City of Torrance, City of Los Angeles, and City of Carson, with respect to the remaining claims due to Plaintiffs' failure to oppose the motions to dismiss. (*See id.*)

On January 22, 2018, the Court granted the County of Los Angeles' (the "County") Motion to Dismiss as unopposed, and dismissed Plaintiffs' Complaint as to the County of Los Angeles, with prejudice. (ECF No. 33.)

On February 16, 2018, the Court ordered Plaintiffs to show cause as to why the

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

2

1  Court should not dismiss this action for failure to serve the only remaining defendant,
2  Eric Garcetti (hereinafter "OSC re service of Garcetti"). (ECF No. 36.) Plaintiffs'
3  counsel responded, and the Court discharged the OSC re service of Garcetti, on March
4  2, 2018. (ECF No. 40.)

On April 3, 2018, Plaintiffs stipulated to dismiss Eric Garcetti, and the Court dismissed him. (ECF Nos. 42, 44.) On the same day, Plaintiffs filed a document styled as, "Plaintiff's [sic] Opposition to Motion to Dismiss County of Los Angeles." (ECF No. 43.) The Court struck Plaintiffs' filing because there was no pending motion to dismiss to oppose. (ECF No. 47.) In the same Order, the Court dismissed Plaintiffs' case because the only remaining defendant, Eric Garcetti, had been dismissed. (*Id.*) After the Court dismissed, and administratively closed the case, Plaintiffs refiled their Opposition to the County's Motion to Dismiss, but this time styled it as, "Plaintiff's [sic] Notice of Motion and Motion to Set Aside Dismissal." (ECF No. 48.) The Court now addresses Plaintiffs' latest filing, which has not been opposed. The Court construes the County's failure to oppose as due to the fact that the Court already dismissed, and closed this case.

## II. DISCUSSION

The Court dismissed Plaintiffs' Complaint against the County for failure to oppose a motion to dismiss, in violation of Central District Local Rule 7-12. (ECF No. 33;) *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Plaintiffs now move, pursuant to Federal Rules of Civil Procedure 55(c), and 60(b), to "set aside an involuntary dismissal." (Mot. 3, ECF No. 48.) Rule 55(c) governs the standard for setting aside entries of default, and default judgment. "The court may set aside entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Plaintiffs claim that their request is governed by the "good cause" standard. (Mot. 3.) However, they are not seeking to set aside the clerk's entry of default. Instead, the Court dismissed Plaintiffs' claims,

with prejudice, for failure to oppose a motion to dismiss, after already having dismissed several other defendants on the same grounds. (ECF Nos. 29, 33.) "Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) (collecting cases); *see also Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 983 (9th Cir. 2000) ("However, '[i]f it appears that the district court intended the dismissal to dispose of the action, it may be considered final and appealable."). Accordingly, to the extent Plaintiffs seek relief from the Court's dismissal, they must pursue relief via Rule 60(b), which governs relief from a final judgment.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Plaintiffs contend that they meet the "good cause" standard because the Court discharged its OSC re service of Garcetti. (Mot. 3.) However, the standard applied by the Court, and the facts relevant to its determination of whether Plaintiffs showed good cause for failure to serve Eric Garcetti within the period prescribed by Rule 4(m), are different. Fed. R. Civ. P. 4(m) (requiring court to excuse failure to serve within 90 days where plaintiff shows good cause); *see also* (Order, ECF No. 47.) Here, the Court dismissed Plaintiffs' Complaint against the County on January 22, 2018, nearly four months ago. (*See* ECF No. 33.) The first time Plaintiffs filed a procedurally incorrect motion requesting relief from that Order was on April 3, 2018. (ECF No. 43.) While Plaintiffs responded to the OSC re service of Garcetti on February 28, 2018, this was not the proper vehicle to challenge the prior order of dismissal, which the Court specifically noted in its Order discharging the OSC. (ECF No. 40 (noting that the City of Torrance objected on the grounds that reconsideration of the Order dismissing Torrance was not proper, but explaining that Plaintiffs had not requested such relief).) Despite the Court's direction, Plaintiffs waited another month to file their motion. (ECF Nos. 40 (March

2, 2018 Order) and 43 (April 3, 2018 "Motion to Dismiss Opposition to Motion to Dismiss County of Los Angeles").)

Factors that may be considered in whether excusable neglect justifies reconsideration of dismissal include (1) danger of prejudice to the defendants, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the party seeking leniency acted in good faith. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Plaintiffs' counsel's claim of excusable neglect centers on the fact that counsel hired an ineffective assistant who failed to calendar deadlines. (Mot. 4.) However, Plaintiffs' counsel actively participated in this litigation by dismissing some of Bernadine Harris' claims *after* two parties had already filed motions to dismiss. (ECF Nos. 24–25.) Plaintiffs' counsel signed the dismissal with what appears to be a wet signature on December 5, 2017. (*See id.*) Thus, he cannot claim that he was unaware of the first two motions because he directed someone in his office to file the dismissals, which necessarily means he or someone at his direction viewed the docket of this case. Moreover, counsel fails to adequately explain how he missed repeated ECF notifications, which were sent directly to his email address. Counsel's claims of excusable neglect are further eroded by his failure to respond *on three occasions* to correspondence and telephone calls from counsel for the City of Torrance who was attempting to meet and confer regarding its own motion to dismiss. (Declaration of Myles S. Couch, ¶¶ 2–4, ECF No. 39.) These facts taken with counsel's repeated delay do not warrant relief under Rule 60(b) because they demonstrate *inexcusable* neglect. *See, e.g., Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (holding that inadvertence, oversight, or failure to calendar deadlines does not constitute good cause, or excusable neglect). Accordingly, the Court **DENIES** Plaintiffs' Motion. (ECF No. 48.)

///

///

///

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' request to set aside the Court's Order dismissing Plaintiffs' claims against the County of Los Angeles (ECF No. 48), and **VACATES** the hearing currently set for March 21, 2018.

**IT IS SO ORDERED.**

May 17, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**